**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA**

**HELENA DIVISION**

| | |
|---|---|
| ROBERT L. ROSE, | Cause No. CV 10-00048-H-DWM-RKS |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |
| ROSS SWANSON, et al., | |
| Defendants. | |

The procedural history of this matter was set out in detail in the July 5, 2011 Order to Show Cause. C.D. 23. The parties were given until July 29, 2011, to respond to the show cause order and demonstrate why this matter should not be dismissed with prejudice and a strike issued. Defendants' filed a Motion for Summary Judgment on July 15, 2011 (C.D. 24) and a Motion to Dismiss for Failure to Prosecute on July 29, 2011. C.D. 40. Mr. Rose responded to the Order to Show Cause on August 5, 2011 (C.D. 30), but did not respond to the motion for summary judgment or the motion to dismiss.

The Court will recommend that Defendants' Motion to Dismiss be granted.

# ANALYSIS

The following factors must be considered before dismissal is imposed as a sanction for failure to prosecute or failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639 (9th Cir. 2002) (*citing Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)); *see also Dahl v. City of Huntington Beach*, 84 F.3d 363, 366 (9th Cir. 1996); *Thompson v. Housing Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam), *cert. denied*, 479 U.S. 829 (1986).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Mr. Rose has indicated he has no intention to participate in the litigation of this case. His claims regarding not being able to litigate the case due to prison property restrictions are pretextual and uncompelling. Mr. Rose made no attempt to respond to Defendants' Motion for Summary Judgment, in fact he sent it back. C.D. 29-1: Casarotto Affidavit, p. 2, ¶ 3. If Mr. Rose is attempting to prove a point regarding the prison's property restriction, he could raise that issue and still litigate this case.

This case involves a simple issue regarding whether the inmate telephone system was shut down early in retaliation against Mr. Rose for his filing of grievances. As set forth in the Order to Show Cause,

> This claim does not appear to require Mr. Rose to abandon it due to any prison records policy. The issues are factual ones. For Mr. Rose to represent that he cannot prosecute this case because of a prison policy (which has been in place for quite some time) that would prevent him from getting more paperwork is unhelpful at best. His notice does not indicate what if any documents specific to this case have been destroyed or not allowed. Had he done so, the Court might have been able to make a determination on how to proceed.

C.D. 23, p. 4. Thus, this factor weighs in favor of dismissal.

"The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F.3d 639 (*citing Yourish*, 191 F.3d 983). Mr. Rose has indicated he will no longer participate in this action. The Court has already found that Mr. Rose's contention that he cannot produce the necessary evidence because of a prison policy which has been in place for some time is "unhelpful at best." C.D. 23, p. 4. The Court must be able to manage its docket and it cannot do so if Mr. Rose refuses to prosecute this matter. Therefore, this factor favors dismissal.

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the

rightful decision of the case." *Malone v. United States Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987). While there may not be immediate prejudice, Mr. Rose's refusal to litigate this matter makes prejudice a foregone conclusion. The longer this matter sits, the more prejudice to Defendants.

The Court has considered the possibility of and provided less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to a dismissal should be considered, the court is not required to exhaust all such alternatives prior to dismissal. *Id.* Mr. Rose was given an opportunity to show cause why the case should not be dismissed but he simply repeated the statements previously made about the prison's property policy. These issues have been previously rejected. Mr. Rose will have an opportunity to file objections to these Findings and Recommendations, which may not technically be considered an "alternative" but will provide Mr. Rose the chance to challenge this ruling.

The last factor weighs against dismissal of the Complaint because public policy favors the disposition of cases on their merits. *Pagtalunan*, 291 F.3d 639 (*citing Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). Since

the other four factors weigh in favor of dismissal, however, dismissal is an appropriate sanction.

Accordingly, it being found that Mr. Rose refuses to prosecute this matter, this matter should be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## "STRIKE" UNDER 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). This dismissal should constitute a strike because Mr. Rose initiated this case and then maliciously refused to prosecute, wasting the resources of this Court and Defendants. Mr. Rose was warned in the Order to Show Cause that his refusal to proceed in this matter would be considered a basis upon which to issue a strike. He continues in his position and as such, a strike should be issued.

## CERTIFICATION REGARDING APPEAL

The Federal Rules of Appellate Procedure provide as follows:

[A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable

to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:

> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed. R.App. P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  The good faith standard is an objective one.  *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).  A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous."  *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (*quoting Coppedge*, 369 U.S. at 445).  For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325, 327; *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

Mr. Rose has refused to prosecute this matter–that is clear.  Thus, no reasonable person could suppose an appeal would have merit and any appeal of this matter would not be taken in good faith.

Accordingly, the Court issues the following:

## RECOMMENDATIONS

1.  Defendants' Motion to Dismiss for Failure to Prosecute C.D. 28 should be granted and this matter dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk of Court should be directed to terminate all pending motions, close this matter, and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2.  The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) based upon Mr. Rose's malicious litigation tactics.

3.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. Mr. Rose's failure to prosecute is so clear no reasonable person could suppose an appeal would have merit.

## NOTICE OF RIGHT TO OBJECT TO
## FINDINGS & RECOMMENDATIONS AND
## CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Rose may serve and file written objections to these Findings and Recommendations within fourteen (14) days of

the date entered as indicated on the Notice of Electronic Filing. As this deadline allows a party to act after the Findings and Recommendations is served, it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 12th day of September, 2011.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge