
FILED
OCT 17 2011
PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF MONTANA

### HELENA DIVISION

| | | |
|---|---|---|
| ROBERT ROSE, | ) | Cause No. CV 10-48-H-DWM-RKS |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| ROSS SWANSON, et al., | ) | |
| Defendants. | ) | |

Before this Court are the Findings and Recommendations of United States Magistrate Judge Keith Strong (dkt # 31) recommending that Defendants' Motion to Dismiss (dkt # 28) this action be granted. Plaintiff Robert Rose timely objected (dkt # 32) and is thus entitled to *de novo* review of the specified findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1).

For the reasons stated below, this Court agrees with Judge Strong's

reasoning and adopts his findings and recommendations in full.

I.

It seems helpful to recount the procedural history of this case. The underlying complaint was originally one allegation among several lodged by Mr. Rose in a Complaint filed January 7, 2010 (Civil Action No. 10-CV-00002-H-DWM-RKS, dkt # 2). In response to an Order finding in part that Mr. Rose's claims violated the rules of joinder, Mr. Rose filed the underlying Complaint as a separate action on October 22, 2010. (Dkt # 2.)

The Complaint alleges that Defendants—officials at the prison in which Mr. Rose is incarcerated—retaliated against Mr. Rose for filing grievances complaining that the inmates' phone system was arbitrarily shut off at various times. In retaliation, Mr. Rose states, the prison required the entire inmate phone system to be shut off at 9:00 p.m. every night, an hour earlier than the previous policy required. Defendants filed Answers on December 31, 2010 and March 7, 2011.

On April 1, 2011, Mr. Rose filed a "Notice to the Court Re: Destruction of Documents and Property Restriction" (dkt # 18). He alleged that prison officials confiscated some of his legal documents from this case and other pending cases because the quantity he had retained exceeded prison policy limits. He was ordered not to exceed the maximum allowable property limits or he would face

2

disciplinary action and further confiscation. Mr. Rose concluded that this rendered him unable, though not unwilling, to proceed in this case.

July 5, 2011, Judge Strong issued a Show Cause Order (dkt # 23), ordering the parties to show cause why the matter should not be dismissed pursuant to Rule 41(a)(2) or Rule 41(b). Judge Strong noted that the claim had been pending for almost a year and half. Importantly, he found Mr. Rose's claim that the prison property policy prevented him from litigating the case unconvincing. Mr. Rose had not explained what documents had been destroyed or taken or how this would inhibit his prosecution of the case.

Ten days later, Defendants filed a motion for summary judgment (dkt # 24), which Mr. Rose did not respond to and in fact mailed back to the Defendants. On July 29, 2011, Defendants filed the Motion to Dismiss that is at issue here.

Mr. Rose responded to the Court's Order to Show Cause (dkt # 30) on August 5, 2011, but he did not respond to the Motion for Summary Judgment or Motion to Dismiss. Mr. Rose stated that he had returned all of the documents from opposing counsel and the court and that he did not review the show cause order himself, apparently because he did not accept it. However he objected to Judge Strong's suggestion that Mr. Rose wanted this case dismissed. He again claimed that the documents that had been confiscated were necessary for this litigation. He claimed the prison confiscated "diaries and logs that identified

3

times, dates, and places plaintiff needed to impeach department witnesses." Again, however, Mr. Rose failed to explain his inability to prosecute this case with any level of specificity that would permit the court to evaluate his general allegations.

Judge Strong entered Findings and Recommendations granting the Defendants' Motion to Dismiss (dkt # 31). He found Mr. Rose's argument that he is unable to participate in the litigation of this case because of the prison property policy "pretextual and uncompelling." Her further found that Mr. Rose's refusal to litigate the matter impedes expeditious resolution, impairs Defendants' "ability to proceed to trial or threaten[s] to interfere with the rightful decision of the case," Malone v. United States Postal Service, 833 F.2d 128, 131 (9th Cir. 1987), and interferes with the Court's need to manage its docket. See Pagtaluman v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002)(citations omitted). He also found other alternatives were not appropriate. Finally, he found that though public policy favors the disposition of cases on their merits, id., the other factors supporting dismissal here outweigh this factor.

Mr. Rose's Objections reiterate his contention that he is "compelled to not prosecute" his claims due to retaliation by Defendants. He asserts that Judge Strong must not have considered his Notice and response to the Show Cause Order, both of which asserted that Prison officials had taken or destroyed his legal

documents. In addition to legal documents, he now asserts prison officials took "cloth[es], shoes, hobby, legal research documents, legal books, etc. etc." However, he still declines to explain what legal documents were taken and how this has hampered his ability to prosecute this matter. He argues that explaining what documents were taken would put in him danger of further retaliation by Defendants. Mr. Rose proposes that a less drastic alternative than dismissal would be to put in place a protective order and permit him to file an Amended Complaint.

## II.

"A request for a court order must be made by motion." Fed. R. Civ. P. 7. A motion must "state with particularity the grounds for seeking the order" and "state the relief sought." Fed. R. Civ. P. 7(b). Mr. Rose has not filed a motion. Moreover, even if his filings are construed as a motion for a protective order, Mr. Rose has failed to state grounds for an order with sufficient particularity to permit the court to consider the request. He does not explain what documents relevant to this case were confiscated, why he refuses to receive further documents related to this case, nor why the Prison's property policy prevents him from litigating this case. He gives the Court no indication of what type of protective order he seeks or against whom he seeks the order, and he does not meet the standard for the issuance of such an order.

To succeed on a claim for preliminary injunctive relief, a party must

generally "demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009)(quoting Winter v. Nat. Resources Def. Council, Inc., 555 U.S. 7, 129 S.Ct. 365, 374 (9th Cir. 2009)). However, where a prisoner seeks injunctive relief on an access-to-the-courts claim that is separate from any claims in his complaint, the Court need not consider the merits of the underlying suit. Diamontiney v. Borg, 918 F.2d 793, 796 (9th Cir. 1990). In such cases, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Prisoners have a constitutional right to "meaningful access" to the courts. Lewis v. Casey, 518 U.S. 343, 349–350 (1996). State officials may not "actively interfer[e]" with inmates' efforts to prepare or file legal documents concerning nonfrivolous claims. Id. (citing e.g. Johnson v. Avery, 393 U.S. 483, 484, 489–490 (1969); Ex parte Hull, 312 U.S. 546 (1941)). But the right of access to the courts is only a right to bring petitions or complaints and not a right to discover such claims or even to litigate them effectively once filed with a court. See Lewis v. Casey, 518 U.S. 343, 354, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996);

see also Cornett v. Donovan, 51 F.3d 894, 898 (9th Cir.1995). Moreover, a prison may impose "reasonable restrictions and restraints" even if they impair the right of access. Johnson, 393 U.S. at 490 (a prison may limit the time location of opportunities to give and seek assistance from other inmates on the preparation of habeas corpus petitions).

To establish that his right of access to the courts has been violated, a prisoner must also allege an "actual injury," id. (citing Lewis v. Casey, 518 U.S. 343, 349 (1996), that is specific, Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996). With respect to an existing case, the actual injury must be "actual prejudice ... such as the inability to meet a filing deadline or to present a claim." Id. at 348-49. A claimant must do more than simply allege imminent harm; he must demonstrate it. Caribbean Marine Servs. Co., Inc. v. Baldrige, 844 F.2d 668, 674 (9th Cir.1988); Lewis, 518 U.S. at 350. For a preliminary injunction, the claimant must demonstrate by specific facts that there is a credible threat of immediate and irreparable harm. See Fed.R.Civ.P. 65(b).

Even if the Court were to construe his Notice, response to the Show Cause Order, and Objections to the Findings and Recommendations as a motion for a protective order, Mr. Rose has failed to demonstrate that he is entitled to a protective order. He has also failed to show his right of access to the courts has been infringed. Despite being given the opportunity to demonstrate his allegations

7

through specific facts, he has been unwilling to provide the information required for this Court to act.

Mr. Rose has merely alleged that some of his legal documents and personal items were confiscated because the quantity exceeded the prison property policy. He does not explain what legal documents were taken nor why he cannot prosecute this case without them. He has not explained why he cannot respond to a motion for summary judgment—which could only require an affidavit to create an issue of genuine fact. He has not explained why he has mailed back documents from the Defendants nor why he declined to personally review Judge Strong's orders. He does not allege that the prison has forbidden him to receive or respond to court mail, and he has not explained why the prison's property policy impedes his ability to prosecute this case.

Mr. Rose has failed to demonstrate any actual harm or that he will suffer irreparable harm in the absence of an injunction. His general assertion that he is unable to prosecute this and other actions is too speculative to support an injunction. See Caribbean Marine Servs. Co., Inc. v. Baldrige, 844 F.2d 668, 674 (9th Cir.1988) (mere "[s]peculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction"); see also Fed.R.Civ.P. 65(b) (movant must demonstrate by specific facts that there is a credible threat of immediate and irreparable harm).

8

It is not even clear what type of protection Mr. Rose seeks. His bare allegations do not show that his right of access to the courts has been impaired nor that the prison policy is unreasonable or has been unreasonably applied. He does not show that the balance of equities tips in his favor or that an injunction is in the public interest. Mr. Rose has not met the standard for a protective order.

III.

The Court can draw no conclusion but that Mr. Rose is unwilling to prosecute this case. Under Federal Rule of Civil Procedure 41(b), a court may dismiss a complaint for failure to prosecute or to comply with the Rules or a court order. Mr. Rose has refused to litigate this case in any way. He refuses to provide the specific information required to satisfy the standard for a preliminary injunction. While pro se filings are to be interpreted liberally, Haines v. Kerner, 92 S.Ct. 594 (1972), the Court may not supply essential elements that are not pleaded, Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir.1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." Id. Moreover, Mr. Rose has not only failed to respond to Defendants' July 15, 2011 Motion for Summary Judgment, he also mailed it back. He similarly refused to respond to Defendants' July 28, 2011 Motion to Dismiss for Lack of Prosecution.

As discussed by Judge Strong, Mr. Rose's refusal to prosecute this matter

9

contravenes the public's interest in expeditious resolution of litigation and the court's need to manage its document. Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002). His recalcitrance prejudices the Defendants, impairing their ability to defend themselves or pursue a rightful decision in this case. Malone v. United States Postal Service, 833 F.2d 128, 131 (9th Cir. 1987). Finally, Mr. Rose has rejected multiple opportunities to provide the information necessary for the Court to grant a protective order, which would certainly be a less drastic alternative to dismissal.

Accordingly, this Court adopts Judge Strong's Findings and Recommendations in this matter. This case is dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a strike is issued against Mr. Rose, and an appeal of this issue would not be taken in good faith.

IT IS HEREBY ORDERED as follows:

1. Judge Strong's Findings and Recommendation (dkt # 31) are ADOPTED.

2. Defendant's Motion to Dismiss (dkt # 28) is GRANTED. This matter is dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk of Court is directed to terminate all pending motions, close this matter, and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court is directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

4. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. Mr. Rose's failure to prosecute is so clear no reasonable person could suppose an appeal would have merit.

Dated this ___ day of October, 2011.

Donald W. Molloy, District Judge
United States District Court